UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RASHED BARRETT,

     Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

     Defendant.

No.  4:16-CV-05046-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

     Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 15 & 16. Mr. Barrett brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C §§ 401-434.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr. Barrett's Motion for Summary Judgment.

1

## I.    Jurisdiction

2    Mr. Barrett filed for a period of disability and Disability Insurance Benefits

3 on May 3, 2012. AR 20, 113-14.  His alleged onset date is May 7, 2008. AR 20,

4 113. His date last insured for coverage under Title II was June 30, 2009. AR 20,

5 22. Mr. Barrett's application was initially denied on October 22, 2012, AR 74-80,

6 and on reconsideration on December 17, 2012, AR 82-86.

7    A hearing with Administrative Law Judge ("ALJ") R.J. Payne occurred on

8 July 9, 2014. AR 31-57. On August 14, 2014, the ALJ issued a decision finding

9 Mr. Barrett ineligible for disability benefits. AR 17-30. The Appeals Council

10 denied Mr. Barrett's request for review on February 19, 2016, AR 1-3, making the

11 ALJ's ruling the "final decision" of the Commissioner.

12    Mr. Barrett timely filed the present action challenging the denial of benefits,

13 on April 19, 2016. ECF No. 5. Accordingly, Mr. Barrett's claims are properly

14 before this Court pursuant to 42 U.S.C. § 405(g).

15

## II.    Sequential Evaluation Process

16    The Social Security Act defines disability as the "inability to engage in any

17 substantial gainful activity by reason of any medically determinable physical or

18 mental impairment which can be expected to result in death or which has lasted or

19 can be expected to last for a continuous period of not less than twelve months." 42

20 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

1  under a disability only if the claimant's impairments are of such severity that the

2  claimant is not only unable to do his previous work, but cannot, considering

3  claimant's age, education, and work experience, engage in any other substantial

4  gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) &

5  1382c(a)(3)(B).

6       The Commissioner has established a five-step sequential evaluation process

7  for determining whether a claimant is disabled within the meaning of the Social

8  Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v.*

9  *Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

10       Step one inquires whether the claimant is presently engaged in "substantial

11  gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful

12  activity is defined as significant physical or mental activities done or usually done

13  for profit. 20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in

14  substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§

15  404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

16       Step two asks whether the claimant has a severe impairment, or combination

17  of impairments, that significantly limits the claimant's physical or mental ability to

18  do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe

19  impairment is one that has lasted or is expected to last for at least twelve months,

20  and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 &

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required.  Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of

1  performing other work; and (2) such work exists in "significant numbers in the

2  national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,*

3  676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

5        A district court's review of a final decision of the Commissioner is governed

6  by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the

7  Commissioner's decision will be disturbed "only if it is not supported by

8  substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144,

9  1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a

10 mere scintilla but less than a preponderance; it is such relevant evidence as a

11 reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

12 *Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d

13 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining

14 whether the Commissioner's findings are supported by substantial evidence, "a

15 reviewing court must consider the entire record as a whole and may not affirm

16 simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

17 *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

18 F.2d 498, 501 (9th Cir. 1989)).

19        In reviewing a denial of benefits, a district court may not substitute its

20 judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

1992).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate non-disability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here.  Mr. Barrett was 28 years old at the alleged date of onset and 29 years old at the date last insured for coverage under Title II. AR 59. He has a high school education and two years of college. AR 131. The ALJ found Mr. Barrett to suffer from episodes of pericarditis, swelling of the uvula, asthma, hypertension, abdominal pain of unknown etiology, and obesity. AR 22.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

### V.    The ALJ's Findings

The ALJ determined that Mr. Barrett was not under a disability within the meaning of the Act from May 7, 2008, his alleged date of onset, through June 30, 2009, the date last insured.  AR 27.

**At step one**, the ALJ found that Mr. Barrett had not engaged in substantial gainful activity since his alleged onset date of May 7, 2008 through June 30, 2009, his date last insured (citing 20 C.F.R. § 404.1571 *et seq.*). AR 22.

**At step two**, the ALJ found Mr. Barrett had the following medically determinable impairments through the date last insured: episodes of pericarditis, swelling of the uvula, asthma, hypertension, abdominal pain of unknown etiology, and obesity (citing 20 C.F.R. § 404.1521 *et seq.*). AR 22-24. However, the ALJ found that Mr. Barrett did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months, and therefore, did not have a severe impairment or combination of impairments (citing 20 C.F.R. § 404.1521 *et seq.*). AR 24-27.

Because the ALJ determined that Mr. Barrett did not have any severe impairments of combination of impairments at step two, the analysis ended there.

### VI.    Issues for Review

Mr. Barrett argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred

by: (1) finding Mr. Barrett's medically determinable impairments non-severe at step two of the sequential process; (2) improperly rejecting Mr. Barrett's testimony as not credible; and (3) failing to develop the record and to infer an onset date of disability.

## VII.   Discussion

### A. The ALJ Properly Determined That Mr. Barrett Did Not Have a Severe Impairment or Combination of Impairments.

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment will only be found severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is "a de minimis screening device [used] to dispose of groundless claims," and the ALJ is permitted to find a claimant lacks a medically severe impairment only when the conclusion is clearly established by the record. *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

An impairment or combination of impairments must have lasted for at least twelve continuous months. 20 C.F.R. §§ 416.905, 416.912, *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). Additionally, the alleged impairment must result from anatomical, physiological, or psychological abnormalities shown by medically acceptable clinical and laboratory diagnostic techniques and not only by Plaintiff's statements regarding his symptoms. 20 C.F.R. §§ 404.1508, 416.908; *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities.

SSR 85-28 (S.S.A. 1985). A diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (Plaintiff has the burden of proving this impairment or their symptoms affect his ability to perform basic work activities); *See Gentle v. Barnhart*, 430 F.3d 865, 869 (7th Cir. 2005).

The ALJ determined Mr. Barrett's medically determinable impairments were non-severe because, after considering all symptoms, Mr. Barrett did not have any impairment or combination of impairments that significantly limited his ability to perform basic work activities prior to June 30, 2009. AR 25. Most importantly, the

ALJ found that Mr. Barrett does not suffer from any functional limitation that would prohibit him from performing basic work related activities. AR 27.

Reviewing state agency physician, Alnoor Virji, M.D., found Mr. Barrett to have severe impairments of "Other Rheumatic Heart Disease" and degenerative disc disease. AR 69-70. However, as the ALJ pointed out, Dr. Virji determined, after reviewing the multiple emergency room visits, cardiac work ups for reoccurring pericarditis, and the MRI of the lumbar spine, that the medical evidence of record was insufficient and did not evaluate any functional limitations. AR 69. Furthermore, the ALJ assigned significant weight to the detailed testimony of Reuben Beezy, M.D. AR 26. The parties do not contest the assignment of significant weight to Dr. Beezy's testimony. Dr. Beezy testified that Mr. Barrett's impairments were non-severe and caused no limitations. AR 38-39. Furthermore, not only did the ALJ reject Mr. Barrett's subjective information as not credible (discussed below), AR 25-26, Mr. Barrett's statements alone cannot establish the severity of any impairment. 20 C.F.R. § 416.908; *Ukolov*, 420 F.3d at 1005.

Importantly, if the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

1    interpretation, one of which supports the ALJ's decision, the conclusion must be

2    upheld").

3         As stated *supra*, an impairment will only be considered severe if, based on

4    medical findings describing the limiting effect and loss of function attributed to the

5    impairments, they significantly limit a claimant's ability to do basic work

6    activities. 20 C.F.R. §§ 404.1508, 416.908, 416.920(c); *Ukolov v. Barnhart*, 420

7    F.3d 1002, 1005 (9th Cir. 2005). Because the ALJ's determination that Mr. Barrett

8    did not have a severe impairment or combination of impairments at step two

9    because he did not suffer from any functional limitation that significantly limited

10   his ability to perform basic work-related activities for 12 consecutive months is

11   supported by substantial evidence and free from legal error, the Court finds the

12   ALJ did not err.

13   **B. The ALJ Properly Discounted Mr. Barrett's Credibility.**

14        An ALJ engages in a two-step analysis to determine whether a claimant's

15   testimony regarding subjective symptoms is credible.  *Tommasetti v. Astrue,* 533

16   F.3d 1035, 1039 (9th Cir. 2008).  First, the claimant must produce objective

17   medical evidence of an underlying impairment or impairments that could

18   reasonably be expected to produce some degree of the symptoms alleged.  *Id.*

19   Second, if the claimant meets this threshold, and there is no affirmative evidence

20   suggesting malingering, "the ALJ can reject the claimant's testimony about the

severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999).

### a. Mr. Barrett's daily activities.

The ALJ found that Mr. Barrett's statements of intensity, persistence, and limiting effect of his symptoms are not credible and do not support a finding of disability. AR 26. The ALJ noted several activities that are inconsistent with Mr. Barrett's allegations of the level of his impairments. *Id*. In particular, the ALJ noted: Mr. Barrett alleged a disability onset date of May 7, 2008 but variously

reports working until August 2008 and October 2008; he worked to keep the house neat; and he reported working for years as an apartment property manager from June 2008 to May 2012, where he collected rents, rented out units, and cleaned seven apartment units, although his son did the heavy lifting. AR 25-26. These activities are inconsistent with someone that alleges disabling impairments and physical pain.

The Court does not find the ALJ erred when assessing Mr. Barrett's credibility because his activities of daily living are inconsistent with his alleged physical and mental impairments.

**b. Inconsistency with the record and failure to treat.**

The ALJ asserted that the medical findings do not support the degree of limitation Mr. Barrett has alleged. AR 26-27. For example, as previously stated, Dr. Beezy stated that Mr. Barrett had no functional limitations, and there is no medical evidence of functional limitations. *Id*.

With regard to Mr. Barrett's symptoms, there is significant inconsistencies between the record and his testimony. The ALJ noted that Mr. Barrett testified and reported experiencing diarrhea during pericarditis attacks that caused him to spend entire days in the bathroom, but this was not documented in the emergency room visits in this record. AR 25-26, 167-69. Although there was mention of some vomiting and nausea in one visit in May 2008 (AR 369-370) that was associated

with taking pain medicines, and an episode of nausea in June 2008 (AR 204-206), Mr. Barrett either denied bowel or bladder complaints or it was not mentioned. AR 26. Mr. Barrett also denied any diarrhea in October 2008 (AR 361); during an emergency room visit in October 2009 (AR 357); and in an episode of chest pain outside the relevant period (AR 353). AR 26.

The ALJ further considered that Mr. Barrett claims that the attacks of pericarditis occurred every two months during the relevant period and lasted one week but that he was unable to seek treatment because of a lack of insurance. AR 25-26. But, the ALJ found that a review of the medical records did not suggest that Barrett's "attacks" lasted one week as claimed. Tr. 26. While Mr. Barrett was examined at the emergency room on four occasions in May 2008 (AR 369, 206), when he was seen in June (AR 206) the ALJ noted that "he only claimed to have had chest pain and nausea for one day." AR 26. The ALJ further noted, the emergency room visit in October 2008 (AR 361-62), included a thorough review of Mr. Barrett's history, and again, there was no indication of the prolonged events he has claimed or significant diarrhea associated with these attacks. AR 26.

A "claimant cannot be denied benefits for failing to obtain medical treatment that would ameliorate his condition if he cannot afford that treatment." *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). However, the ALJ notes that Mr. Barrett's impairments and symptoms include chest pain and asthma, and while he

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14**

was told smoking was exacerbating his condition, he continued to smoke about a half a pack a day and did not attempt to quit in order to ameliorate his condition. AR 25, 52.

Accordingly, the Court does not find the ALJ erred when assessing Mr. Barrett's credibility because his reported disabling pain and prolonged episodes of his symptoms are either unsupported or are inconsistent with the record as a whole.

**C. The ALJ Did Not Err in Not Inferring an Onset Date of Disability.**

Mr. Barrett argues the ALJ failed to meet his duty to develop the record by not inferring an onset date, since he contends he met Listing 1.04A in 2014, five years after his date last insured.

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); see also 20 C.F.R. § 404.1519a. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen*, 80

F.3d at 1288; *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998). Importantly, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); *Tonapetyan*, 242 F.3d at 1150.

Mr. Barrett argues the ALJ should have inferred an onset date because he alleges that he became disabled from back pain by mid-2014 and met Listing 1.04A. He further contends that Social Security ruling 83-20 requires the ALJ to inquire as to the onset date when a claimant becomes disabled from a slowly progressive disease that results in a disability of non-traumatic origin.

The ALJ did not fail to develop the record or err in not inferring an onset date in this situation. The record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. Substantial evidence supported the ALJ's decision that Mr. Barrett was not disabled. Additionally, the record directs that the injury and symptoms are not specifically from a slowly progressing, non-traumatic disease, rather "the symptoms started in November of 2011 after he fell off a horse." AR 388. Furthermore, Mr. Barrett, not the ALJ, bears the burden of proving he has an impairment that meets or equals the criteria of a Listing, and provided no such evidence or argument to the ALJ. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Mayes*, 276 F.3d at 459. At the

hearing, when questioned by the ALJ, Dr. Beezy testified that through the date last insured of June 30, 2009, Mr. Barrett's impairments did not meet or equal any Listing. AR 38. Accordingly, the ALJ's duty to further develop the record was not triggered, and the ALJ did not err in not inferring an onset date.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED.**

2.  Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED.**

3.  The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 4th day of January, 2017.


_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17**